IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL LEE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:07-CV-1689-O |
| | § | |
| CITY OF FORT WORTH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant City of Fort Worth's Motion to Transfer Venue (Doc. # 7) filed October 26, 2007. Having review the motion, Plaintiff's response, and the applicable law, the Court finds that Defendant's motion should be and is hereby DENIED.

I. BACKGROUND

This case involves an employment discrimination claim brought by Plaintiff Wendell Lee Thomas against his employer, the City of Fort Worth, Texas. According to his complaint, Plaintiff resides in the City of Granbury, which lies within the boundaries of Hood County, Texas. Plaintiff initiated this action in the Dallas Division of the United States District Court for the Northern District of Texas on October 5, 2007. Defendant filed an answer to Plaintiff's complaint on October 26, 2007. On the same date, Defendant filed a motion to transfer the case to the Fort Worth Division pursuant to 28 U.S.C. § 1404. Plaintiff filed a response on November 7, 2007, thus the issue is ripe for decision. On December 3, 2007, this case was transferred to the docket of the undersigned.

II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been

1

brought." 28 U.S.C. §1404(a). When considering a motion to transfer venue, a district court must consider "a number of private and public interest factors, 'none of which can be said to be dispositive weight.'" *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007), *reh'g granted*, 517 F.3d 785 (5th Cir. Feb. 14, 2008);[1] *see also In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003). The private factors include: (1) access to sources of proof; (2) the availability of the compulsory process power; (3) costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial. *In re Volkswagen of Am. Inc.*, 506 F.3d at 380. The public interest factors include: (1) judicial economy; (2) interests associated with having local interests decided locally; (3) forum familiarity with the law at issue; and (4) problems arising from conflict of law. *Id.* Based on Fifth Circuit precedent, the plaintiff's choice of forum is also a factor to be considered "but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

When ruling on a motion to transfer venue, the first issue that a district court must decide is whether the district or division to which transfer is sought is one where the civil action "might have been brought." 28 U.S.C. § 1404. As previously discussed Plaintiff resides in the City of Granbury, Texas, which lies within the boundaries of Hood County, Texas, and that county lies in the jurisdiction of the Fort Worth Division of United States District Court for the Northern District of Texas. 28 U.S.C. § 124(a)(2). Defendant, the City of Fort Worth lies within the boundaries of

---

[1] The Court recognizes that the panel opinion in *In re Volkswagen* is no longer precedent because the motion for rehearing en banc was granted. *Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir. 1988) ("as we have stressed, [t]he grant of a rehearing en banc vacates the panel opinion, which thereafter has no force"). However, given the primary issue before the court of appeals involves whether a writ of mandamus is a proper avenue to challenge a district court's order regarding venue, the Court does not anticipate a change to the analysis of the motion to transfer under the facts in this case.

Tarrant County, Texas and that county is also within the jurisdiction of the Fort Worth Division. *Id.*

Under 28 U.S.C. § 1391(b), a federal question claim, like the one asserted by Plaintiff in this suit, may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is not district in which the action may otherwise be brought." *Id.* Given that the City of Fort Worth is the only Defendant and it is the place where all of the events giving rise to the dispute occurred, there is no question that the Fort Worth Division is a forum where this lawsuit could have been brought.

Next, Defendant has the burden to demonstrate that the Fort Worth Division is clearly more convenient than the Dallas Division. This means that Defendant must show good cause by demonstrating that the transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice." *In re Volkswagen of Am. Inc.*, 506 F.3d at 380. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.*

Here, Defendant notes that because the events giving rise to this lawsuit involve Plaintiff's employment with the City of Fort Worth, all the witnesses and evidence are located in the Fort Worth Division. Thus, the costs to appearing and producing evidence will be less if the case is transferred to the Fort Worth Division. Defendant identifies four City employees who may be called to testify regarding the issues in this matter. All of these witnesses reside within the jurisdictional boundaries of the Fort Worth Division and their work sites are only a short distance from the federal

3

courthouse. Defendant notes that transferring this case to the Fort Worth Division would minimize the cost and expenses associated with traveling to Dallas, Texas, and minimize the amount of time the employees are away from work. Mot. at 5-6. Further, because Defendant is the City of Fort Worth, there is a strong interest in having this dispute resolved locally by the federal court in the Fort Worth Division. Plaintiff's brief response to the motion to transfer indicates he chose the Dallas Division because he perceives it is a more "neutral and unbiased court." (Pl. Resp. at 1). Notwithstanding Plaintiff's unsubstantiated concern, this Court is certain the Fort Worth Division is a neutral and unbiased forum to resolve this dispute.

The Court has considered all the factors, and it is clear that there are factors that favor a transfer to the Fort Worth Division, namely, the one that relates to local interests, the one involving access to sources and proof, and the one involving costs associated with appearing in court. The citizens of Dallas County or the Dallas Division have little or no interest in resolving disputes involving a citizen of the City of Granbury and the City of Fort Worth. However, on May 30, 2008 Defendant filed a motion for summary judgment pursuant to the joint submission requirements in the court's scheduling order. *See* Doc. No. 20 (3:07-CV-1689-O) (N.D. Tex. May 30, 2008). Because the motion, response, reply and evidence were submitted together, the matter is ripe for disposition. Further, the Court notes that the case is scheduled for trial on this Court's docket beginning October 6, 2008, and the parties have already begun to submit their pretrial materials. Accordingly, the Court finds that on balance the interests of justice are best served if this case is adjudicated in the Dallas Division.

### III. CONCLUSION

Defendant has not met its burden to show that the Fort Worth Division of the Northern

District of Texas is clearly the more convenient forum for the parties and witnesses and in the interests of justice given the procedural posture of this case. It is therefore ORDERED that Defendant's Motion to Transfer Venue (Doc. # 7) is hereby DENIED.

SO ORDERED on this 15th day of September, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**